# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**CASSANDRA SHERMAN,**

    Plaintiff,

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA,**

    Defendant.

Civil Action No. 7:18-CV-115 (HL)

# ORDER

On August 1, 2018, Plaintiff Cassandra Sherman initiated this action in the Valdosta Division of the United States District Court for the Middle District of Georgia against Defendant alleging wrongful denial of disability benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. Because federal courts have only limited jurisdiction, part of the Court's initial review process requires it to determine whether a proper jurisdictional basis exists in each case. When a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F. 3d 1255, 1273 (11th Cir. 2000). Plaintiff's claim arises under federal law giving this Court jurisdiction over the claim, but the issue remains as to whether Plaintiff has filed her cause of action in the proper venue.

ERISA's enforcement scheme contains a special venue provision. 29 U.S.C. § 1132(e)(2). Under it, where a plaintiff seeks to assert a claim authorized by ERISA, a federal court action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The Eleventh Circuit has characterized this section as a "liberal venue provision" that "can provide broad access to the federal courts." Gulf Life Ins. Co. v. Arnold, 809 F.2d 1520, 1522 (11th Cir.1987); see also Bonin v. American Airlines, Inc., 621 F.2d 635, 636 n.1 (5th Cir.1980)[1] (stating that the statute grants an "ERISA plaintiff ... a wide choice of federal court venue"). Most courts have concluded that the second alternative conferring venue "where the breach took place" permits an ERISA participant or beneficiary to sue for benefits in the district where they would be received, i.e., where the plaintiff resides. See Barker v. New Energy Corp., 2006 WL 3391347, at *2–3 (S.D. Ga. Nov. 21, 2006). Under the third option, authorizing venue "where a defendant resides or may be found," an ERISA plaintiff may sue in any district in which a defendant has sufficient minimum contacts to allow personal jurisdiction under International Shoe Co. v. Washington, 326 U.S. 310 (1945), and its progeny.

---

[1] The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

A review of the complaint shows that Plaintiff has not provided sufficient information to determine if venue in this Court is proper under either of ERISA's three venue options. Plaintiff states that "jurisdiction and venue is proper pursuant to 29 U.S.C. § 1132," but does not include any specific information to show that venue is proper in the Middle District of Georgia. (Doc. 1, ¶ 2). Plaintiff generally alleges that she "is a citizen of the United States and of the State of Georgia," but does not state where she resides within the state of Georgia which, as explained above, is necessary for determining where the breach took place. (Doc. 1, ¶ 3). Plaintiff states only that Defendant "is a foreign corporation doing business for profit in Georgia," and that Defendant can be served through its agent in Lawrenceville, Georgia. (Doc. 1, ¶¶ 4-5). However, Lawrenceville is located in the Northern District of Georgia. Plaintiff's Complaint provides no further allegations that demonstrate this action is properly brought in the Valdosta Division of the Middle District of Georgia. Nevertheless, the Court concludes that Plaintiff should be allowed to amend her complaint to correct the deficiencies noted. Accordingly, Plaintiff shall have up to and through August 14, 2018 to file an amended complaint that properly alleges why venue in this Court is proper.

**SO ORDERED** this 7th day of August, 2018.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

ehm

4